United States Court of Appeals,

Eleventh Circuit.

No. 93-9348.

UNITED STATES of America, Plaintiff-Appellee,

v.

Emmett TERRY, Defendant-Appellant.

Aug. 16, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 3:93-CR-11-01), G. Ernest Tidwell, Judge.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Emmett Terry appeals his convictions and sentences for drug conspiracy and three substantive drug offenses under 21 U.S.C. § 846 and § 841(a)(1). Terry challenges on three grounds: (1) Section 1863(b)(6) of the Jury Selection and Service Act violates his Sixth Amendment rights; (2) the cocaine-base sentencing provisions violate the Equal Protection Clause; and (3) the district court erred in enhancing his sentence for abuse of the public trust. We affirm.

Terry was arrested on a four-count federal indictment alleging that he and co-defendant, Wesley Holmes, conspired to distribute cocaine base. When arrested, Terry was a deputy sheriff with the Meriwether County Sheriff's Department. The evidence showed that on three separate occasions Terry and co-defendant Holmes sold drugs to an undercover Georgia Bureau of Investigation Agent.

_____

[*]Honorable John R. Gibson, Senior U.S. Circuit Judge for the Eighth, sitting by designation.

After his arrest, Terry filed a motion to dismiss the indictment on the ground that 28 U.S.C. § 1863(b)(6), which exempts police officers from serving as grand and petit jurors, violated his Sixth Amendment rights to a grand jury and a petit jury selected at random from a fair cross section of the community. Terry also requested a hearing to show how the exclusion of police officers from his jury would prejudice his defense. Without conducting a hearing, a magistrate judge recommended that defendant's motion be denied; and the district court adopted the recommendation.

After Terry was found guilty on all three counts, he filed a motion asking the district court to declare the cocaine-base sentencing provisions unconstitutional. Terry also filed an objection to the recommendation in the presentencing report that his sentence be enhanced for abusing a position of public trust. The sentencing court denied both motions.

*Section 1863(b)(6) of the Jury Selection and Service Act*

Terry first argues that section 1863(b)(6) of the Jury Selection and Service Act, which exempts "members of the fire or police departments ... [and] public officers in the executive, legislative or judicial branches of the Government ..." from jury service, violates his Sixth Amendment right to a grand jury and petit jury drawn from a fair cross section of the community. 28 U.S.C. § 1863(b)(6). Terry's constitutional claim that his Sixth Amendment rights were violated is a question of law subject to *de novo* review. *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

The Sixth Amendment entitles defendants in criminal cases to a grand and petit jury selected at random from a fair cross section of the community. *Taylor v. Louisiana,* 419 U.S. 522, 528-30, 95 S.Ct. 692, 697, 42 L.Ed.2d 690 (1975). To establish a prima facie case of a fair cross section violation under the Sixth Amendment, Terry must show: (1) the group allegedly excluded is a distinctive group in the community, (2) the group's representation on grand or petit venires is not fair and reasonable in relation to their population in the community, and (3) that the under-representation is due to the systematic exclusion of the group in the jury selection process. *United States v. Pepe,* 747 F.2d 632, 649 (11th Cir.1984) (citing *Duren v. Missouri,* 439 U.S. 357, 362-64, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979)).

Terry claims that by exempting members of the police department, a distinctive group, the statute violates the "fair cross section" requirement. But, exempting certain occupational groups from jury service because it is good for the community that they not be interrupted in their work does not violate the United States Constitution. *Government of Canal Zone v. Scott,* 502 F.2d 566, 569 (5th Cir.1974) (citing *Rawlins v. Georgia,* 201 U.S. 638, 640, 26 S.Ct. 560, 561, 50 L.Ed. 899 (1906)).[1] We accept that

---

[1]The holding in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), is not to the contrary. In *Taylor,* the Supreme Court held unconstitutional a state law requiring women to express in writing that they wanted to be jurors before their names could be selected for duty. Women are not a particular occupational group. In addition, the Court in *Taylor* recognized the constitutionality of exempting occupational groups if to do so would benefit the community. *Taylor,* 419 U.S. at 534-36, 95 S.Ct. at 700. *See also Duren v. Missouri,* 439 U.S. 357, 368-70, 99 S.Ct. 664, 671, 58 L.Ed.2d 579 (1979).

allowing police officers to perform their duties without the interruption of jury service is good for the community (for example, many police forces have only a few officers to begin with) and hold that the exemption of police officers is reasonable. Terry's Sixth Amendment rights were not violated.[2]

*Cocaine-Base Sentencing Provisions*

Terry says that the cocaine-base sentencing provisions contained in the Narcotics Penalties and Enforcement Act of 1986, 21 U.S.C. § 841(b), violate the Equal Protection Clause of the Fourteenth Amendment. Under the cocaine-base sentencing provisions, defendants receive higher sentences for crimes involving cocaine base, that is, crack cocaine, than for crimes

---

[2]Terry argues that the district court erred in failing to grant an evidentiary hearing on this issue. The Magistrate's Report and Recommendation, adopted by the district court, did not address Terry's motion for an evidentiary hearing; the Magistrate presumably relied on his determination that exempting particular occupational groups is constitutional. Terry says that he should have been given an opportunity to show that police officers are a distinctive group which should not be exempt from jury service. We review the district court's denial of an evidentiary hearing for abuse of discretion. *U.S. v. Dynalectric Co.,* 859 F.2d 1559, 1580 (11th Cir.1988). Because no set of facts that could have been developed in an evidentiary hearing would be significant legally in the light of the precedents mentioned above, we believe the district court did not abuse its discretion. Put differently, even if one accepts that police officers are, in fact, a distinct group, the applicable law bars the relief defendant sought.

Terry also claims that a hearing was needed to explore how the Clerk's office was implementing the section 1863(b)(6) exemption, that is, to determine whether the Clerk's office interpreted the exemption to include janitors, secretaries, and receptionists who worked for the police department. But, defendant's constitutional claim was based on the exemption of police officers, not the exemption of other people working in the police department. So, the district court did not abuse its discretion in refusing to grant an evidentiary hearing.

involving powder cocaine.[3]  On appeal, Terry argued that these provisions violate the Equal Protection Clause because Congress acted with purposeful discrimination.

The constitutionality of a sentencing provision is a question of law subject to *de novo* review.  *United States v. Osburn,* 955 F.2d 1500 (11th Cir.1992).  In *United States v. Byse,* 28 F.3d 1165 (11th Cir.1994), we held that Congress distinguished between the kinds of cocaine, not to discriminate against people, but because crack cocaine is more dangerous, more highly addictive, more easily available, and less expensive than powder cocaine.  *See also, United States v. Thurmond,* 7 F.3d 947 (10th Cir.1993);  *United States v. Reece,* 994 F.2d 277 (6th Cir.1993).  Therefore, the district court did not err in refusing to declare the cocaine-base sentencing provision unconstitutional.

*Abuse of Public Trust*

Terry argues that the district court erred in using the abuse of a position of trust enhancement pursuant to the Sentencing Guidelines.  Under the Sentencing Guidelines, a defendant's offense level is increased by two levels if the "defendant abused a position of public or private trust ... in a manner that significantly facilitated the commission or concealment of the offense."  United States Sentencing Guidelines § 3B1.3.  The district court's finding that Terry abused a position of public trust in a manner that significantly facilitated his ability to commit or conceal the offense is reviewed under a clearly erroneous

---

[3]These provisions have been included in the Sentencing Guidelines under section 2D1.1.

standard. 18 U.S.C. § 3742(d); *United States v. Pedersen,* 3 F.3d 1468, 1470 n. 4 (11th Cir.1993).[4]

At trial it was shown that on one occasion, Terry, while in uniform, drove, in his marked patrol car, by the park where co-defendant Holmes was to meet the undercover agent. The lower court determined that Terry's presence in the vicinity of the transaction facilitated the crime by providing others involved in the transaction a sense of security and, because Terry's car had a police radio, by posting a lookout against other police interference. The district court's determination that Terry abused a position of public trust is not clearly erroneous.

But, whether the defendant's conduct justifies the "abuse of trust" enhancement is a question of law reviewed *de novo. United States v. Burton,* 933 F.2d 916 (11th Cir.1991). We hold that by being at the scene in his patrol car and by monitoring the radio, Terry was able to monitor police traffic and ensure that no other officers interrupted the transaction. By doing these things, Terry facilitated both the commission and concealment of the crime; and the lower court did not err in applying the enhancement.

AFFIRMED.

---

[4]We seemingly have never considered when a police officer-defendant is subject to the "abuse of trust" enhancement for using his position to facilitate a crime. But, other courts have held that the enhancement should be applied when a drug dealing police officer showed her badge to other officers to avoid apprehension, *see United States v. Foreman,* 926 F.2d 792 (9th Cir.1990); or when a police officer used his position to alert coconspirators to DEA investigation and to conceal his part in the conspiracy, *see United States v. Rehal,* 940 F.2d 1 (1st Cir.1991); and when a police officer stopped a minor for violating curfew and raped her in the patrol car. *See United States v. Claymore,* 978 F.2d 421 (8th Cir.1992).