[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2004
THOMAS K. KAHN
CLERK

No. 04-10151
Non-Argument Calendar

_____

D.C. Docket No. 03-80087-CR-JCP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLENA BRITT,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(October 26, 2004)

Before BLACK, CARNES and HULL, Circuit Judges.

PER CURIAM:

Sylena Britt appeals her sentence imposed after pleading guilty to conspiracy to unlawfully produce Social Security Account Number (SSAN) cards, in violation of 18 U.S.C. § 1028(a)(1), (f). Specifically, Britt challenges her two-level enhancement for abuse of a position of trust under U.S.S.G. § 3B1.3, arguing the enhancement was inappropriate because: (1) she did not hold a position of trust with the SSA as there was no identifiable victim of her offense; (2) the abuse-of-trust enhancement only applies to offenders who have exercised managerial judgment and discretion, which necessarily excludes a mere data clerk or forms processor such as herself; (3) her position as part-time clerk did not give her the "freedom to commit or conceal a difficult-to-detect wrong;" (4) not every employment position constitutes a position of trust, for such a position is generally a type of "fiduciary relationship" that did not exist between herself and the SSA; and (5) the abuse-of-trust enhancement is inappropriate when, as here, the conduct comprising her offense of conviction was itself the abuse of trust. The district court did not err in imposing the enhancement. We affirm.

## I. BACKGROUND

Britt pled guilty to one count of conspiracy to produce without lawful authority United States identification documents, SSAN cards, in violation of 18 U.S.C. § 1028(a)(1), (f). At Britt's plea hearing, the Government made the

2

following proffer: As a clerk for the SSA, Britt's responsibilities included processing applications for SSAN cards. Britt worked part-time from June through August 1998, and then again from January 1999 until June 2003. An agent from the Office of Inspector General (OIG) of the SSA discovered Britt had processed several SSAN applications using alien identification numbers "it would not have been possible" for her to have verified "in the manner in which she represented." In a statement provided to OIG agents, Britt admitted to agreeing with three other individuals to fraudulently process applications for illegal aliens. The district court accepted Britt's guilty plea.

In the presentence investigation report, the probation officer recommended, *inter alia*, that Britt's sentence be enhanced two levels pursuant to U.S.S.G. § 3B1.3 because she had abused her position of trust as a part-time clerk with the SSA by approving approximately 423 SSAN cards for illegal aliens who did not qualify for the cards. Britt objected to the abuse-of-trust enhancement, asserting her position as a part-time clerk was not a position of trust as contemplated in the Sentencing Guidelines. At sentencing, Britt argued the abuse-of-trust enhancement was "geared . . . to someone who is characterized by professional or managerial discretion," not a part-time clerk at the SSA. The district court disagreed, stating "the fact that [Britt] certified these documents without ever

having seen the applicants . . . shows that she was given a important position of trust, and I don't think she has to be on a board of directors to have such position." The district court overruled Britt's objection to the abuse-of-trust enhancement and sentenced her. Britt timely appealed.

## II. STANDARD OF REVIEW

In assessing a district court's application of the abuse-of-trust enhancement under U.S.S.G. § 3B1.3, we review the district court's findings of fact for clear error, but review de novo the district court's determination that the facts justify an abuse-of-trust enhancement. *United States v. Ward*, 222 F.3d 909, 911 (11th Cir. 2000).

## III. DISCUSSION

The Sentencing Guidelines provide a defendant's sentencing level shall be increased two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. We have held the abuse-of-trust enhancement only applies if the government has established the following two elements: "(1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way that significantly facilitated the commission or concealment of the offense." *Ward*, 222 F.3d at 911.

4

Furthermore, the commentary to § 3B1.3 explains that a position of trust is "characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)," and a person in such a position ordinarily is "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3, comment. (n.1). A position of trust significantly facilitates the commission or concealment of an offense when "the person in the position of trust has an advantage in committing the crime because of that trust and uses that advantage in order to commit the crime." *United States v. Barakat*, 130 F.3d 1448, 1455 (11th Cir. 1997).

The determination of whether a defendant occupied a position of trust is extremely fact sensitive. For example, in *Ward*, we held a security guard who stole money being transported in an armored car he was hired to protect did not hold a position of trust with his employer because he "had very little discretion in performing his duty as a security guard," and "he was closely, albeit not constantly, supervised by his employer. The money he guarded was processed . . . upon delivery, and any discrepancy between the money received and delivered would be—and was—noticed." *Ward*, 222 F.3d at 912–13. We also held a food service foreman who smuggled drugs into the prison where he worked did not

5

hold a position of trust with the Bureau of Prisons, even though as a prison employee he was exempted from being searched upon entering the prison, because holding otherwise "would extend [the application of § 3B1.3] to virtually every employment situation because employers 'trust' their employees." *United States v. Long*, 122 F.3d 1360, 1365–66 (11th Cir. 1997).

On the other hand, we held a deputy county registrar, who was responsible for registering qualified voters, abused her position of trust when she conspired "to knowingly and willfully give false information as to a voter's name and address for the purpose of establishing the voter's eligibility to vote." *United States v. Smith*, 231 F.3d 800, 804–05, 819–20 (11th Cir. 2000). In upholding the § 3B1.3 enhancement, we noted the appellant "was convicted of offenses involving [another individual's] vote, offenses which were dependent upon his having been registered to vote, and she used her position as deputy registrar to bring that about (fraudulently)." *Id.* at 820. Accordingly, we could not conclude "that the district court erred in finding that [appellant's] position significantly aided her commission of an offense for which she was convicted." *Id.*

The facts of this case most closely resemble those of *Smith*. Given the amount of independent judgment Britt exercised, Britt held a position of trust with the SSA and abused that position to facilitate her crime. Britt was not a closely

6

supervised employee who had little discretion in performing her duties. To the contrary, she had a great deal of discretion, including whether to accept, reject, or report for further investigation the documentary evidence submitted to her in support of applications for SSAN cards. Indeed, she was so loosely supervised that she was able, over a period spanning more than four years, to approve fraudulent SSAN applications without detection despite the fact the documents upon which she purportedly relied did not exist. Accordingly, the district court did not err in concluding Britt held and abused a position of trust.

In addition to the two elements of the abuse-of-trust enhancement noted above, "[f]or the enhancement to apply, [the] defendant must have been in a position of trust with respect to the *victim* of the crime." *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998) (quoting *United States v. Ragland*, 72 F.3d 500, 502 (6th Cir. 1996)). Although we have not addressed this requirement specifically with respect to a crime committed by a government employee, our conclusion in *Smith* suggests the United States government, or more specifically the SSA, is the victim of Britt's offense. *See also United States v. White*, 270 F.3d 356, 371 (6th Cir. 2001) (persuasive authority holding "the general public may be victims of a government employee's crimes for purposes of deciding whether the employee's sentence may be enhanced pursuant to § 3B1.3"). Furthermore, Britt

7

did not raise this identifiable-victim issue in the district court. Accordingly, we address this issue only "under the plain error doctrine to avoid 'manifest injustice." *United States v. Neely*, 979 F.2d 1522, 1523 (11th Cir. 1992). We have not made a definitive ruling on this issue, so the alleged error cannot be plain or obvious. *See United States v. Gerrow*, 232 F.3d 831, 835 (11th Cir. 2000) (reaffirming "where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue").

Finally, Britt relies on our alternate holding in *Garrison*, that because the appellant's "base fraud crime was the submission of false statements on cost reports . . . she [could not] receive an enhancement for abuse of a position of public trust based on the same conduct under the specific terms of section 3B1.3." *Garrison*, 133 F.3d at 843. We recently concluded, however, this alternate holding in *Garrison* was dicta. *United States v. Bracciale*, 374 F.3d 998, 1007–09 (11th Cir. 2003).

## IV. CONCLUSION

Because Britt used her position as a clerk with the SSA to facilitate the commission and concealment of her illegal acts, the district court did not err by enhancing her sentence under § 3B1.3.

AFFIRMED.