[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15500
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-60029-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRYSTAL THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 18, 2005)

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Krystal Thompson appeals her sentence for trafficking in at least one or more unauthorized access devices, in violation of 18 U.S.C. §§ 2, 1029(a)(2). Thompson asserts: (1) the district court's application of an abuse-of-trust enhancement was error, and (2) her sentence violates *United States v. Booker*, 125 S. Ct. 738 (2005). We vacate and remand for resentencing.

## I. DISCUSSION

### A. *Abuse of Trust*

Thompson asserts the district court erred by imposing an abuse-of-trust enhancement because she had little, if any, managerial or professional discretion, a necessary element to qualify as one with a public or private position of trust. She contends she did not occupy a position of trust with respect to customers or credit card companies.

"In assessing a district court's application of the abuse-of-trust enhancement under U.S.S.G. § 3B1.3, we review the district court's findings of fact for clear error, but review de novo the district court's determination that the facts justify an abuse-of-trust enhancement." *United States v. Britt*, 388 F.3d 1369, 1371 (11th Cir. 2004), *petition for cert. filed*, No. 04-9748 (April 13, 2005). Section 3B1.3 directs district courts to increase a defendant's sentencing level two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a

2

manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The government must prove "(1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way that significantly facilitated the commission or concealment of the offense." *Britt*, 388 F.3d at 1371 (quotation omitted). A position of trust is "characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)," and a person in such a position ordinarily is "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3, comment. (n.1).

> This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above-described factors.

*Id.* "A position of trust significantly facilitates the commission or concealment of an offense when the person in the position of trust has an advantage in committing the crime because of that trust and uses that advantage in order to commit the crime." *Britt*, 388 F.3d at 1371 (quotation omitted).

3

The breach-of-trust enhancement is not appropriate unless the victim of the breach itself conferred the trust. *United States v Garrison*, 133 F.3d 831, 837 (11th Cir. 1998). In the fraud context, this Court has found a position of trust to exist under two circumstances: "(1) where the defendant steals from his employer, using his position in the company to facilitate the offense, and (2) where a fiduciary or personal trust relationship exists with other entities, and the defendant takes advantage of the relationship to perpetrate or conceal the offense." *Id.* at 837–38 (quotation omitted). "Since the primary concern of § 3B1.3 is to penalize defendants who take advantage of a *position* that provides them freedom to commit or conceal a difficult-to-detect wrong, only such a defendant whose position enables or significantly facilitates the offense is eligible for this enhancement." *Id.* at 838 (emphasis in original) (quotation omitted).

"The determination of whether a defendant occupied a position of trust is extremely fact sensitive." *Britt*, 388 F.3d at 1372. We have held that

> a security guard who stole money being transported in an armored car he was hired to protect did not hold a position of trust with his employer because he had very little discretion in performing his duty as a security guard, and he was closely, albeit not constantly, supervised by his employer. The money he guarded was processed . . . upon delivery, and any discrepancy between the money received and delivered would be—and was—noticed.

4

*Id.* (quotation omitted). A food service foreman who smuggled drugs into the prison where he worked did not hold a position of trust "because holding otherwise would extend [the application of § 3B1.3] to virtually every employment situation because employers 'trust' their employees." *Id.* (quotation omitted).

The district court erred by enhancing Thompson's sentence for abuse of trust.[1] As a waitress, Thompson did not have professional or managerial discretion, other deference, or less supervision; rather, she had little discretion in the execution of her duties as a server. Her position is more akin to a bank teller, hotel clerk, or security guard who steals money from his armored car. Although Thompson's employer and customers trusted her not to steal credit card information, that trust alone does not create a fiduciary relationship or provide her position as a waitress with the "freedom to commit or conceal a difficult-to-detect wrong." *See Garrison*, 133 F.3d at 838. Therefore, the district court erred by imposing the two-level enhancement for abuse of trust.

---

[1] Post-*Booker*, the district court is still required to calculate the Guidelines range accurately. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005) (quotation omitted).

B.     *Booker*

Thompson preserved her *Booker* objection by objecting on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), grounds to the district court's imposition of the abuse-of-trust enhancement.  *See United States v. Dowling*, 403 F.3d 1242, 1246 (11th Cir. 2005).  When a defendant preserves her objection, we review the sentence de novo.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).  We will reverse the district court only if the error was harmful.  *Id.*

The Government concedes the district court committed *Booker* error, and that error was not harmless.  We agree.  The district court committed constitutional *Booker* error by sentencing Thompson based on facts not admitted by her or proven beyond a reasonable doubt under a mandatory guidelines system.  *See United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir.), *cert. denied*, 73 U.S.L.W. 3730 (2005).  This error is not harmless because the Government cannot show beyond a reasonable doubt that the error did not contribute to the sentence, and the record does not reveal any such evidence.  *See Paz*, 405 F.3d at 948 (stating a constitutional error is harmless when it is clear beyond a reasonable doubt the error did not contribute to the sentence imposed).

6

## II.  CONCLUSION

Accordingly, we vacate and remand with instructions that the district court calculate an Guidelines advisory range that does not include the abuse of trust enhancement.  On remand, the district court is required to sentence Thompson according to *Booker*, considering the Guidelines advisory range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)."  *Booker*, 125 S. Ct. at 757.

VACATED AND REMANDED.