[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16137
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2010
JOHN LEY
CLERK

_____

D. C. Docket No. 08-00036-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD DICKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 8, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Donald Dickerson appeals his conviction and 37-month sentence for making a false declaration in a United States court proceeding, 18 U.S.C. § 1623(a). No reversible error has been shown; we affirm.

Dickerson previously had been convicted of managing a drug establishment, in violation of 21 U.S.C. § 856(a)(2). After Dickerson was sentenced on this charge, he filed a motion for disqualification of the district court judge and attached an affidavit claiming that Dickerson had not been present at the jury selection proceedings in his drug case. This affidavit formed the basis of the instant prosecution.

Before trial, Dickerson filed a motion requesting that he be allowed to contact selected, excused, and alternate jurors from his earlier drug case to get information about his claim that he was not present at jury selection in that earlier case and to determine if it was necessary to call the jurors as witnesses in his defense. The district court denied the motion. On appeal, Dickerson argues that the court's denial of his motion denied him access to eye witnesses and violated his due and compulsory process rights.[1]

To establish a defense, a defendant has a due process right to have access to

---

[1]We review de novo a defendant's claim that his constitutional rights were violated. United States v. Terry, 60 F.3d 1541, 1543 (11th Cir. 1995).

2

prospective witnesses. United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977).

In its order denying Dickerson's motion, the district court cited to caselaw about

the court's discretion to disallow post-trial juror interviews. But Dickerson did not

seek to contact the jurors in their roles as jurors, but just as witnesses who could

provide testimony in support of his defense: the truth of his declaration. So, the

court did deny Dickerson access to prospective witnesses.

But the error by the district court does not entitle Dickerson to reversal. A

defendant seeking reversal on the basis of access to witnesses "must allege specific

demonstrable prejudice to set forth a constitutional claim." United States v. Pepe,

747 F.2d 632, 654-55 (11th Cir. 1984). Dickerson has set forth no such prejudice

because he presented no evidence to suggest that a restricted witness would have

provided testimony to help his defense. Dickerson, in fact, called some jurors to

testify; and each testified either that Dickerson was present at the jury selection

proceeding or that the juror did not remember whether Dickerson was present. He

proffers no witness who would have testified he was not present during the jury

selection process. See United States v. Avila-Dominguez, 610 F.2d 1266, 1269-70

(5th Cir. 1980) (reversal is unwarranted where the record is completely devoid of

anything to suggest that the testimony of a restricted witness would have been

helpful to defendant).

Dickerson next challenges the sufficiency of the government's evidence. He argues that the evidence failed to conform to the indictment because the government presented no evidence to show that his statement was sworn under oath.[2] We review this challenge only for a manifest miscarriage of justice because Dickerson failed to renew his motion for judgment of acquittal at the end of all the evidence. United States v. Jones, 32 F.3d 1512, 1516 (11th Cir. 1994); see also United States v. Tapia, 761 F.2d 1488, 1492 (11th Cir. 1985) (to find manifest injustice, we must conclude that the evidence on a required part of the offense was "so tenuous that a conviction would be shocking"). Dickerson also argues that insufficient evidence existed to show that his statement was material and knowingly made. We review this claim for plain error because Dickerson raises it for the first time on appeal. United States v. Hunerlach, 197 F.3d 1059, 1068 (11th Cir. 1999).

We reject Dickerson's sufficiency challenges. To sustain a conviction under section 1623(a), the government must prove beyond a reasonable doubt that the statement was (1) made under oath, (2) false, (3) material, and (4) made with knowledge of its falsity. United States v. Cross, 638 F.2d 1375, 1378 (5th Cir.

---

[2] A claim that a material variance existed between the indictment and the proof at trial is one form of challenge to the sufficiency of the evidence. United States v. Jenkins, 779 F.2d 606, 616 (11th Cir. 1986).

1981).  Section 1623 "does not require the government to prove who administered the oath, nor whether that person was competent or authorized to administer it. Instead, [it] merely requires that the government prove that the maker of a knowingly false declaration before a court be under oath at the time of the statement." United States v. Molinares, 700 F.2d 647, 651-52 (11th Cir. 1983). Here, the indictment charged that Dickerson filed "an affidavit he made under oath . . . in which [he] swore" that he was not present at his jury selection.  And Dickerson's signed and notarized affidavit admitted at this trial stated that he had been "sworn on [his] oath."  Thus, the government's presentation of Dickerson's signed and notarized affidavit, in which he stated that he came before the court sworn under oath, sufficiently supported the oath element of the offense and conformed to the indictment.  See id.

Sufficient evidence also existed to show that Dickerson's statement that he was not present at his jury selection was material and knowingly made.  The test for materiality is whether the false statement is capable of influencing the tribunal on the issue before it.  United States v. Cosby, 601 F.2d 754, 756 n.2 (5th Cir. 1979).  "The statements need not be material to any particular issue, but may be material to collateral matters that might influence the court." United States v. Damato, 554 F.2d 1371, 1373 (5th Cir. 1977).  Here, trial testimony revealed that,

5

if Dickerson's claim were true, he would have been entitled to a new trial in his drug case. Testimony also revealed that the district court had cautioned Dickerson, before he submitted his sworn affidavit, that evidence supported he was present at the earlier jury selection and that persisting with his claim to the contrary could result in his prosecution for perjury. Drawing all reasonable inferences on these facts in the government's favor, the government met its burden of proof; and there was no error, plain or otherwise.

Dickerson also challenges the reasonableness of his 37-month sentence, arguing that the district court enhanced his sentence to the high end of the guidelines range because of his prior conviction. We evaluate the reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

We conclude that Dickerson's 37-month, within-range, sentence was reasonable. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). The court stated that it had considered the arguments of the parties and saw no reason to depart from the guidelines range in Dickerson's case.

The court also noted that the sentence was at the high end of the guidelines range because Dickerson had put the government to its burden in this case and he

had been dishonest. See 18 U.S.C. § 3553(a) (listing factors for the court to consider in imposing sentence, including the guidelines range, the nature and circumstances of the offense, and the characteristics of the defendant). The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

Dickerson's argument that the court considered his prior drug conviction in determining the sentence for the instant offense plainly is belied by the record. The court specifically noted that the 37-month sentence was "totally independent" of his previous sentence. Dickerson has not carried his burden of showing that his sentence is unreasonable. See Talley, 431 F.3d at 788.

AFFIRMED.[3]

---

[3]We reject Dickerson's claim of prosecutorial misconduct based on the prosecutor's remark during closing argument that Dickerson was a drug dealer. While Dickerson argues that the comment prejudiced him, he has not provided us with an adequate record to evaluate the remark's prejudicial effect because the record contains no copy of the closing arguments. Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (where an appellant fails to provide all the evidence that the trial court had before it when making contested evidentiary rulings, we cannot review the district court's decision for error and must affirm); United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992) (prosecutorial misconduct is viewed in the light of the facts of the case and the context of the whole record).