[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15867
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2012
JOHN LEY
CLERK

D. C. Docket No. 09-20416-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN M. HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2012)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Shawn M. Hernandez appeals his total 195-month sentence, imposed at the low end of the guideline range, after pleading guilty to 6 counts of drug- and firearm-related offenses without a plea agreement. On appeal, Hernandez argues that the district court clearly erred by imposing the abuse-of-trust enhancement under U.S.S.G. § 3B1.3, and by not adequately stating its reasons for imposing the given sentence at the particular point in the guideline range, as required by 18 U.S.C. § 3553(c)(1).

## I.

We review for clear error a district court's factual determination that a defendant abused a position of public trust, but we review *de novo* the district court's legal conclusion that the defendant's conduct justified the abuse-of-trust enhancement. *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998). A district court's finding is clearly erroneous when "the entire record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). The government must establish by a preponderance of the evidence that Hernandez abused a position of public trust. *See United States v. Kummer*, 89 F.3d 1536, 1545 (11th Cir. 1996) (explaining that "the standard for a sentencing court on a disputed fact involved in sentencing is a preponderance of the evidence").

The Sentencing Guidelines impose a two-level enhancement where "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. We have held that this enhancement requires the government to establish that the defendant (1) held a place of public or private trust, (2) abused that position in a way that significantly facilitated the commission or concealment of the offense, and (3) was in the position of trust with respect to the victim of the crime. *United States v. Britt*, 388 F.3d 1369, 1371-72 (11th Cir. 2004), *vacated on other grounds,* 546 U.S. 390, 126 S. Ct. 411 (2005), *opinion reinstated in part and aff'd in part,* 437 F.3d 1103 (11th Cir. 2006). "The determination of whether a defendant occupied a position of trust is extremely fact sensitive." *Id.* at 1372.

To qualify as a position of trust, it is insufficient that the defendant occupied a position generally trusted by society. *See United States v. Hall*, 349 F.3d 1320, 1324 (11th Cir. 2003) (noting that the defendant's status as a pastor did not necessarily create a trust relationship with the victims that justified the abuse-of-trust enhancement). In another case, we explained that the defendant's

> status as an attorney . . . does not necessarily mean he abused a position of trust. Although attorneys are expected to abide by ethical standards, it is simply not the case that an attorney holds a position of trust with respect to all people with whom he comes into contact

3

solely by virtue of his status as an attorney.

*United States v. Morris*, 286 F.3d 1291, 1297 (11th Cir. 2002). In *Morris*, we emphasized that even where the attorney, who also purported to be a trader, had complete control over the victims' money and where he promised a large return based on his abilities, there were insufficient facts to establish that a bona fide relationship of trust existed between the defendant and the investors, as required to impose the enhancement. *Id.* at 1298-99. In a different case, we specifically rejected a district court's application of the enhancement when it "summarily concluded that the public 'trusted' [a federal firearms licensee] 'to be the first line of defense in preventing criminals from accessing dangerous weapons.'" *United States v. Louis*, 559 F.3d 1220, 1228 (11th Cir. 2009).

Instead, we have adopted the Guidelines' definition of "positions of public or private trust," which relies on the professional discretion of the defendant. Specifically, the Guidelines state that the term

> "[p]ublic or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature.

U.S.S.G. § 3B1.3, comment. (n.1). The key inquiry under the first prong of the test under § 3B1.3 is therefore whether the defendant had sufficient professional or

managerial discretion. *United States v. Ward*, 222 F.3d 909, 911-13 (11th Cir. 2000). While employees who exercise considerable discretion may be subject to the enhancement, "[l]ower-level, closely supervised employees who exercise little discretion are not." *Louis*, 559 F.3d at 1226-27. In *Louis*, we held that the federal firearms licensee was not subject to the enhancement because the government did not review his professional judgment, the defendant had no discretion about how to comply with federal requirements, and firearms dealers are not afforded professional deference because they are subject to periodic inspections by law enforcement. *Id.* at 1227. In particular, we focused on the defendant's exercise of professional judgment, his or her discretion over specific job duties, and the deference given to his or her decisions. *Id.*

We have repeatedly overturned the imposition of a § 3B1.3 enhancement where the defendant did not exercise discretion sufficient to establish that he or she was in a position of trust. For example, in *Ward*, we held that an armored car guard was not subject to the § 3B1.3 enhancement because he did not exercise discretion, as he had no influence over the armored car's pick-ups, deliveries, cargo, route, or schedule. *Ward*, 222 F.3d at 912-13. Further, Ward "was closely, albeit not constantly, supervised by his employer." *Id.* at 913. We rejected the idea that the § 3B1.3 enhancement applied to "positions with as little discretion and

5

managerial authority as armored car guards" because doing so would improperly extend the enhancement to "practically every position that facilitated the commission or concealment of the offense." *Id.* (quotation omitted). In *United States v. Long*, we held that the defendant, a prison cook, did not exercise sufficient discretion as a food service foreman to permit him to bring cocaine into the prison. 122 F.3d 1360, 1365-66 (11th Cir. 1997). We rejected the government's contention that the prison's trust in Long as an employee, as evidenced by the fact that Long could enter the premises without being searched, was sufficient to establish a position of trust. Doing so would have expanded § 3B1.3 beyond its scope to include nearly every employment situation, as employers generally trust their employees. *Id.*

In contrast, where an employee of the Social Security Administration ("SSA") decided whether to accept documentary evidence submitted with applications for new social security cards, and where she was so loosely supervised that she could approve fraudulent applications for four years without detection, the employee had sufficient discretion to qualify for the abuse-of-trust enhancement. *Britt*, 388 F.3d at 1372. In another case, we affirmed the district court's imposition of the abuse-of-trust enhancement where the defendant's position as a deputy registrar "significantly aided her in fraudulently registering" voters. *United States*

*v. Smith*, 231 F.3d 800, 819-20 (11th Cir. 2000). In *United States v. Brenson*, we

held that a grand jury foreman convicted of improperly revealing confidential

information to the target of a grand jury investigation held a position of trust

because grand jurors

> are specially selected to perform a vital function of the judicial
> process by serving as the small representative sample of the
> community at large assigned to listen to evidence of criminal activity,
> impartially weigh this evidence and determine if there is sufficient
> evidence to support an indictment of an individual.

104 F.3d 1267, 1287 (11th Cir. 1997).

The second requirement under § 3B1.3 is that the defendant abused the

position of trust in a way that significantly facilitated the commission or

concealment of the offense. *Id.* at 1371. To determine if this prong is met, "the

court should inquire as to whether or not the defendant used any special knowledge

or access provided by his position of public trust to facilitate or conceal the

offense." *Brenson*, 104 F.3d at 1287. There must be a nexus between the offense

of conviction and the abuse of the position such that the defendant uses the

"particular position of trust to give him an advantage in the commission or

concealment of the offense." *United States v. Barakat*, 130 F.3d 1448, 1455-56

(11th Cir. 1997). In *Barakat*, we reversed the § 3B1.3 enhancement because the

defendant's status as the head of the Broward County Housing Authority did not

7

give him an advantage when he committed tax evasion, as the crime of tax evasion was neutral as to the method by which the defendant obtained the income. *Id.* Again, in *Long*, we held that, even if the defendant had discretion as a food service foreman, he did not abuse the specific discretion given to him in that position to bring drugs into the prison, and that, therefore, the enhancement did not apply. *Long*, 122 F.3d at 1366. Therefore, this enhancement requires that the defendant abuse the specific discretion that qualified the position as one of trust in order to commit the charged offense. *See id.*

Indeed, where the defendant is able to commit the crimes because of the position of trust he holds due to his occupation, the enhancement applies. *United States v. Hoffer*, 129 F.3d 1196, 1204 (11th Cir. 1997). In *Hoffer*, we noted that "[i]t was because Hoffer was a physician, and was entrusted as a physician with prescription writing authority, that he was able to commit the [drug conspiracy] crimes for which he was convicted." *Id.* Similarly, we upheld the enhancement where the defendant-police officer drove his patrol car by a park where his codefendant was conducting drug transactions with an undercover police officer. *United States v. Terry*, 60 F.3d 1541, 1545 (11th Cir. 1995). There, Terry facilitated the commission and concealment of the crime by monitoring the police radio and ensuring that no other officers interrupted the transaction. *Id.*

8

Finally, § 3B1.3 requires that the question of whether the defendant held a position of trust enhancement be "assessed from the perspective of the victim of the crime." *Garrison*, 133 F.3d at 837. Indeed, "[a] breach-of-trust enhancement under § 3B1.3 is not appropriate unless the victim of the breach itself conferred the trust." *United States v. Mills*, 138 F.3d 928, 941 (11th Cir.), *opinion modified on reh'g*, 152 F.3d 1324 (11th Cir. 1998). In *Britt*, we briefly addressed the issue of the identity of the "victim" in cases involving crimes committed by a government employee. *Britt*, 388 F.3d at 1372. Citing a Sixth Circuit opinion that held that the general public may be the "victims" of a public employee's crimes for § 3B1.3 purposes, we noted that our prior holding in *Smith*, where we upheld the enhancement for a county voter registrar, "suggest[ed] that the United States government, or more specifically, the SSA, [was] the victim of Britt's offense." *Id.* at 1371-72 (citation omitted). Because Britt did not raise the identifiable-victim issue in the district court, however, we reviewed the issue for plain error and concluded that the error was not plain or obvious where no binding precedent on the issue existed. *Id.* at 1373.

The district court erred by imposing the § 3B1.3 enhancement without engaging in the proper legal analysis. Here, Hernandez worked as a corrections officer at a county jail. While at work, he made contact with an inmate, who was

also a confidential informant, to find out if he could make money transporting narcotics; Hernandez, however, had known the inmate since childhood. Hernandez told the inmate that he could use his uniform and the Sheriff's Association sticker on his vehicle to help elude detection. He also told an undercover officer that he would use his law enforcement credentials should he be stopped by the police. In determining that Hernandez had abused a position of trust, the district court stated that many of the acts of the conspiracy were committed when there was a corrections officer/inmate relationship. It also stated that Hernandez's comments that he would be less likely to be stopped or searched because of his uniform demonstrated that Hernandez's job was crucial to the conspiracy. The court did not determine if Hernandez held a place of public or private trust, abused that position in a way that significantly facilitated the commission or concealment of the offense, and was in the position of trust with respect to the victim of the crime. Although we express no opinion on the ultimate application of the enhancement vel non, because the court failed to consider those factors, we vacate and remand so that court can conduct the proper analysis and make any necessary findings.

## II.

We review *de novo* the district court's compliance with § 3553(c)(1), even if the defendant did not object before the district court. *United States v. Bonilla*, 463

10

F.3d 1176, 1181 (11th Cir. 2006).  In doing so, we look to the entire record, with particular focus on the sentencing transcripts and the parties' arguments concerning the factors established in § 3553(a), to determine if the district court's decision meets the requirements of § 3553(c)(1).  *See id.*

Where the guideline range exceeds 24 months, the district court is statutorily required to state in open court "the reason for imposing a sentence at a particular point within the range."  18 U.S.C. § 3553(c)(1).  Where the district court fails to provide the required explanation, "the sentence was imposed in violation of the law and must be vacated."  *United States v. Veteto*, 920 F.2d 823, 827 (11th Cir. 1991).  Where the district court has imposed a sentence without any consideration or mention of the § 3553(a) factors, we have disapproved of the sentence.  *Bonilla,* 463 F.3d at 1181.  Section 3553(a) requires that sentences reflect the purposes listed in 18 U.S.C. § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)-(C).  However, § 3553(c)(1) does not require that the sentencing court articulate its consideration of each individual § 3553(a) factor.  *Bonilla*, 463 F.3d at 1182.

The district court sufficiently articulated its reasons for Hernandez's 195-month sentences, as required under § 3553(c)(1). Specifically, it stated that it had "considered the statements of all parties, the presentence report which contains the advisory guidelines, and the statutory factors." Further, taken as a whole, the transcript indicates that the court had considered the parties' arguments as they were made, and that it considered the arguments made before it. For example, the court considered and apparently rejected arguments about the sentencing disparity between Hernandez and Jacox when sentencing Hernandez.

Upon review of the record and consideration of the parties' briefs, we vacate Hernandez's sentence and remand for further proceedings as to the § 3B1.3 issue.

**VACATED AND REMANDED.**