[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16399
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20416-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus

SHAWN M. HERNANDEZ,

Defendant-Appellant.



_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2014)

Before MARTIN, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Shawn Hernandez appeals his convictions and sentences, totaling 180 months, for six counts related to narcotics trafficking: conspiracy to possess with intent to distribute 5 or more kilograms of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count 1); attempt to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count 2); attempt to possess with intent to distribute 5 or more kilograms of cocaine and 1 kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Counts 3 and 4); conspiracy to "use and carry a firearm during and in relation to a drug trafficking crime" and to "possess a firearm in furtherance of a drug trafficking crime," in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 924(o) (Count 5); and "knowingly [using] and carry[ing] a firearm during and in relation to a drug trafficking crime," and "possess[ing] said firearm in furtherance of a drug trafficking crime," in violation of 18 U.S.C. 924(c)(1)(A)(i) and (c)(2) (Count 6).

Hernandez argues that the district court clearly erred in applying a two-level sentencing enhancement under U.S.S.G. § 3B1.3 for abuse of public trust. He claims that he did not hold a position of public trust as a low-level corrections officer, that he did not abuse his position by approaching an inmate in his unit

2

about transporting narcotics.[1]  He also argues that the district court erred by not allowing him to withdraw his guilty plea as to Counts 5 and 6.  In the alternative, he asks that both counts be dismissed because they do not state offenses under federal law, instead conflating elements of two separate offenses contained in 18 U.S.C. § 924(c).

I.

We review the district court's findings of fact for clear error.  *United States v. Morris*, 286 F.3d 1291, 1295 (11th Cir. 2002).  We review the district court's determination whether the facts justify an abuse-of-trust enhancement *de novo*.  *Id*.

Section 3B1.3 provides for a two-level sentencing enhancement if "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense[.]"  U.S.S.G. § 3B1.3.  In order to justify a sentencing enhancement under § 3B1.3, the government must demonstrate "(1) that the defendant held a place of public or private trust; and (2) that the defendant abused that position in a way that

---

[1]  Hernandez also argues that the district court erred when it allowed new evidence during his resentencing hearing.  However, we have held that a *vacatur* of a criminal sentence allows the district court to revisit the sentence *de novo*.  *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010).  At a sentencing hearing, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.

significantly facilitated the commission or concealment of the offense." *Morris*, 286 F.3d at 1295. To satisfy the first element, the defendant must occupy a position of trust with respect to the victims of his offenses. *United States v. Ghertler*, 605 F.3d 1256, 1264-1265 (11th Cir. 2010). We have suggested that, when a government employee commits a crime, the victim may be the government or even the general public. *United States v. Britt*, 388 F.3d 1369, 1371–72 (11th Cir.2004), *vacated on other grounds*, 546 U.S. 930, 126 S. Ct. 411 (2005).

In this case, the district court correctly concluded that Hernandez qualified for an abuse-of-trust enhancement under § 3B1.3. As a corrections officer with extraordinary discretion in the performance of his duties, he held a position of public trust, and he abused that trust, both when he approached an inmate under his care and control about trafficking narcotics and when he used his uniform and law enforcement credentials to avoid detection while committing the offenses. Finally, the district court was correct to identify the community as the victim, in line with our decision in Britt.

II.

4

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Pease*, 240 F.3d 938, 940 (11th Cir. 2001). Federal Rule of Criminal Procedure 11(d) allows a defendant to withdraw a guilty plea if he does so "(1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes a sentence" if the court rejects a plea agreement or the defendant can demonstrate "a fair and just reason" for the withdrawal. Fed.R.Crim.P. 11(d). Rule 11(e) also states that "After the court imposes sentence, the defendant may not withdraw a plea of guilty[.]" Fed.R.Crim.P. 11(e). After sentencing, the plea may only be set aside through a direct appeal or collateral attack. *Id*.

We review the sufficiency of an indictment *de novo*. *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). "[T]he sufficiency of a criminal indictment is determined from its face." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (quotation omitted). The indictment must include the elements of the offense and "sufficiently apprise the defendant of what he must be prepared to meet." *Id*. (quotation omitted).

Under § 924(c)(1)(A), there is a minimum 60-month sentence for anyone who either "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm" or "in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). We have held that each of these two clauses

5

constitutes a separate offense.  *See United States v. Timmons*, 283 F.3d 1246, 1249-1252 (11th Cir. 2002).

The district court did not abuse its discretion in denying Hernandez's motion to withdraw his guilty plea because Rule 11 did not permit the court to allow the post-sentence plea change.  Further, Counts 5 and 6 did not fail to state a federal offense.  The fact that the indictment actually alleged two crimes under both counts does not indicate that it failed to state an offense under federal law.  *See United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983) (holding that the government could allege multiple means of violating the same statute in the conjunctive).  The indictment lists the correct elements for each crime under § 924(c)(1)(A).  The indictment, thus, on its face, gave the defendant adequate notice of "what he must be prepared to meet."

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.[2]

**AFFIRMED.**

---

[2]    Hernandez argues for the first time in his reply brief that this case should be remanded to permit the district court to reconsider the sentence pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  We decline to entertain an argument raised for the first time in the reply brief.

6