[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11452
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00046-PGB-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD IRIZARRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 12, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Richard Irizarry appeals his 120-month sentence imposed after a jury found him guilty of attempting to aid and abet the possession with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii), 846, and using a communication facility to aid in the commission of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). On appeal, Defendant argues that his sentence, which reflects a 23-month upward variance from the top of his advisory guideline range, is substantively unreasonable. In particular, he asserts that the district court placed undue weight on his abuse of a position of public trust. After careful review, we affirm.

## I. BACKGROUND

According to the Presentence Investigation Report ("PSR"),[1] Defendant, a police officer and retired member of the U.S. Marine Corps, told a known drug dealer—who unbeknownst to Defendant was also a confidential source with the Drug Enforcement Administration ("DEA")—that he wanted to invest in a cocaine deal. Defendant offered to provide narcotics test kits, as well as security during drug deals. After meeting with the confidential source to discuss his interest in investing in drugs, Defendant told his supervisor about the deal. Defendant's

---

[1] Defendant objected to the characterization of several of the factual statements in the PSR and requested that the district court rely on his memory from trial instead of the PSR's factual recitations. We refer only to the undisputed portions of the PSR. But in any event, Defendant does not challenge on appeal any of the facts upon which he was sentenced.

2

supervisor contacted the DEA and instructed Defendant not to have any further contact with the confidential source.

Defendant ignored his supervisor's instructions, and later met with the confidential source. During the meeting, the confidential source told Defendant that he had seen a suspicious car in the area. Using the Motor Vehicle Driver and Vehicle Identification Database, Defendant looked up the license plate number and informed the confidential source that the plate was registered to a government vehicle.

On a different occasion, Defendant provided security during a drug deal for which the confidential source paid Defendant $500. The next day, Defendant reported to a police department sergeant that he had witnessed the confidential source conduct a drug deal. Defendant also provided a written statement of the activities he had performed with the confidential source and turned over the $500. At a subsequent interview with the DEA, Defendant explained that he played along with the confidential source, but he never intended to invest in a cocaine deal or earn $500 for providing security during the drug deal.

Defendant was later indicted and a jury found him guilty of attempting to aid and abet the possession with intent to distribute and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii), 846 (Count 1), and

using a communication facility to aid in the commission of a drug trafficking offense, in violation of 21 U.S.C. § 843(b) (Count 3).[2]

In preparation for sentencing, a probation officer prepared a PSR.  The PSR assigned Defendant a base offense level of 24, pursuant to U.S.S.G. § 2D1.1(c)(8).  Defendant received two enhancements, including a two-level increase for his role in the offense under U.S.S.G. § 3B1.3, because he abused his position of trust in a manner that significantly facilitated the commission or concealment of the offense.  Based on a total offense level of 28 and a criminal history category of I, Defendant's guideline range was 78 to 97 months' imprisonment.

At sentencing, Defendant requested that the district court vary downward to the mandatory minimum of 60 months' imprisonment because he had led an exemplary life before this incident.  He further asserted that five years' imprisonment was more than sufficient because he was going to be placed in solitary confinement for his own protection due to his position as a law enforcement officer.  The Government responded that an upward variance was warranted given the nature and circumstances of the offense and the need for specific and general deterrence.

---

[2]  The jury acquitted Defendant of Count 2:  carrying a firearm during and in relation to, and possessing a firearm in further of the drug trafficking crime in Count 1, in violation of 18 U.S.C. § 924(c).

When asked by the district court why the two-level enhancement for abuse of a position of trust was not sufficient, the Government stated that the enhancement covered the fact that Defendant was a police officer. But the enhancement did not cover Defendant's acts of identifying an undercover police officer's vehicle, offering to provide narcotics test kits, or permitting what Defendant believed to be one kilogram of cocaine to enter the community. After considering the 18 U.S.C. § 3553(a) factors, the district court concluded that the guidelines "fail[ed] to capture the breadth and scope of [Defendant's] conduct, the breadth and scope of the risk that [Defendant] presented to his colleagues and [his] community and failed to properly deter" both Defendant and the general community. Consequently, the district court sentenced Defendant to 120 months as to Count 1, and 48 months as to Count 3, to be served concurrently.

## II. DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 764 (2014). We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and

5

the 18 U.S.C. § 3553(a) factors.[3]  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

Here, Defendant has not shown that his sentence is substantively unreasonable.  Although Defendant's 120-month sentence reflects a 23-month upward variance from the top of his guideline range of 78 to 97 months' imprisonment, it is still well below the 40-year statutory maximum under 21 U.S.C. § 841(b)(1)(B)(ii).  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (indicating that a sentence well below the statutory maximum is an indication of reasonableness).

Moreover, the record reflects that the § 3553(a) factors support the upward variance in this case.  The district court balanced Defendant's history and

---

[3]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

characteristics, including his 22 years of military service and professional awards and accolades, against the nature and circumstances of the offense. As noted by the district court, Defendant assumed a leadership role in the offense, offered to provide narcotics test kits, identified a government vehicle to the confidential source, and allowed what he believed to be one kilogram of cocaine to enter the community without notifying the DEA or police department. The upward variance was also necessary to deter Defendant and the general community from committing similar crimes.

Contrary to Defendant's contentions, it was reasonable for the district court to rely on certain aspects of his conduct when it imposed the upward variance, even though it had already considered that conduct when imposing the two-level abuse-of-trust enhancement. *See United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007) (concluding that it was reasonable, when imposing an upward variance pursuant to § 3553(a), for the district court to rely on certain aspects of the defendant's conduct that had been considered in imposing an enhancement under U.S.S.G. § 3B1.3). Likewise, the fact that the district court assigned greater weight to certain § 3553(a) factors—the nature and circumstances of the offense and specific and general deterrence—was entirely within its discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any

given § 3553(a) factor is a matter committed to the sound discretion of the district court. . . ." (quotation omitted)).

Furthermore, Defendant's reliance on our decision in *United States v. Terry*, 60 F.3d 1541 (11th Cir. 1995), to support his argument that the district court could not rely on his conduct involving abuse of trust for both the enhancement and upward variance is misplaced.  In *Terry*, we upheld the two-level enhancement for abuse of trust, where the defendant, a law enforcement officer, was at the scene of a drug deal in his patrol car and ensured that no other officers interrupted the transaction.  *See Terry*, 60 F.3d at 1545.  *Terry* did not consider whether the defendant's conduct also warranted an upward variance.  *See id.*  Thus, while *Terry* supports the proposition that a law enforcement officer can be subject to a two-level abuse-of-trust enhancement for conduct similar to Defendant's, it does not support Defendant's assertion that the conduct used to support the enhancement may not also be used to justify an upward variance.  *See id.*

Finally, we are not persuaded by Defendant's argument that the district court violated his equal protection rights under the Fifth Amendment by punishing him more severely based on his status as a law enforcement officer.  Because Defendant did not make this argument before the district court, our review is

8

limited to plain error.[4] *See United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir.

2001) (explaining that we review arguments raised for the first time on appeal for

plain error).  Defendant points to no authority to support his argument that it was

unconstitutional for the district court to consider his status as a law enforcement

officer in imposing the upward variance.  As such, he cannot show that the district

court committed plain error.  *See United States v. Lejarde-Rada*, 319 F.3d 1288,

1291 (11th Cir. 2003) ("It is the law of this circuit that, at least where the explicit

language of a statute or rule does not specifically resolve an issue, there can be no

plain error where there is no precedent from the Supreme Court or this Court

directly resolving it.").  And in any event, in determining the appropriate sentence,

the district court had discretion to consider the totality of the circumstances and all

of the § 3553(a) factors, including Defendant's position as a police officer and his

use of that position to further his crimes.  *See Gall v. United States*, 552 U.S. 38,

49–50 (2007) (explaining that the district court should consider all of the § 3553(a)

factors and "make an individualized assessment based on the facts" in determining

the appropriate sentence).

---

[4] We will only notice plain error if "(1) there is an error in the district court's determination; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001).

In short, Defendant has not met his burden of showing that the district court abused its discretion by imposing a 120-month sentence.  Accordingly, Defendant's sentence is **AFFIRMED**.